**FRIENDS OF HEBREW INSTITUTE FOR the DEAF AND EXCEPTIONAL CHILDREN (HIDEC), Petitioner,**

v.

**NATIONAL CREDIT UNION ADMINISTRATION and Midwood FCU, Respondent.**

No. 06–0424–ag.

United States Court of Appeals, Second Circuit.

March 16, 2007.

Roger Adler, Law Office of Allen Lashley Allen Lashley, on the brief, Brooklyn, NY, for Petitioner.

Eric Fleisig–Greene, United States Department of Justice, Thomas M. Bondy, on the brief, Jon J. Canerday, National Credit Union Administration, of counsel, for Peter D. Keisler, Assistant Attorney General of the United States, Washington, DC, for Respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, COLLEEN McMAHON,* District Judge.

## SUMMARY ORDER

Petitioner Friends of Hebrew Institute for the Deaf and Exceptional Children ("HIDEC") appeals from the determination of the National Credit Union Administration Board (the "Board") that HIDEC was only entitled to one insurance payout of $100,000 upon liquidation of the Midwood Federal Credit Union of Brooklyn, New York ("Midwood"). The Board held that this was appropriate, despite the fact that HIDEC had approximately $919,500 on deposit, because of the limits of federal deposit insurance—which apply to the aggregate amount of the deposits, and not to the amount held in individual accounts. 12 C.F.R. §§ 745.1(e), 745.6. We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

██ This court need not consider whether equitable estoppel is per se unavailable against the NCUA, since HIDEC has not alleged any affirmative misconduct on the agency's part, which is in any event fatal to this defense, since "the doctrine of equitable estoppel is not available against the government ... [except] upon [such a showing]." *Rojas–Reyes v. INS*, 235 F.3d 115, 126 (2d Cir.2000). To the extent HIDEC submits that misrepresentations by a

credit union official may be attributed to the government, such an argument depends on a showing of the official's apparent authority to speak for the government. We cannot conclude that the Board abused its discretion in concluding that no such authority was demonstrated. *See Gully v. NCUA Bd.*, 341 F.3d 155, 163 (2d Cir.2003) (stating that "the Board's conclusions must be affirmed unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, or unsupported by substantial evidence." (internal quotation marks omitted)). Further, since the decision of the Board did not follow after a formal adversarial hearing, the prohibitions against ex parte communications cited by HIDEC are inapposite. 5 U.S.C. § 554(d); *see, e.g., Reed v. Morton*, 480 F.2d 634, 643 (9th Cir.1973). Additionally, the proposition that a presentation by an agency's staff counsel is an ex parte communication is unfounded where the agency's review process does not follow the exercise of prosecutory or investigatory function. *See, e.g., Steenholdt v. FAA*, 314 F.3d 633 (D.C.Cir.2003). Since the staff counsel's presentation at the board meeting did not offend against the Administrative Procedure Act or the NCUA's own rules, it was not an abuse of discretion.

We have carefully considered petitioner's remaining arguments and find them to be without merit. Accordingly, the petition is **DENIED.**

---

* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.